Good morning, Your Honors. May it please the Court, Kenneth M. Stern for appellant in this case. I'd like to start with the Apprendi issue and note that the government has contended that Mr. Davis did not raise the issue in the California court or the district court concerning his right to a jury trial on the priors, but I'd like to indicate that is incorrect. At the supplemental excerpts of record, page 8, is the petition to the California Supreme Court and on that page he references and writes, quote, Furthermore, petitioner contends that the prior convictions was not properly pled and proven as spoken in Apprendi v. New Jersey. Criminal defendant is entitled to jury determinant of his guilt of every element of the crime with which he is charged beyond a reasonable doubt. And at page 66 of the excerpts of record, also, Mr. Davis states petitioner contends that his priors were not properly pled and proven. Petitioner is entitled to jury determination that he is guilty of every element of the crime in which he is charged beyond a reasonable doubt. So he has raised that issue properly. Now, on the substantive part of the issue, not only does Apprendi apply to require non-sentencing on those priors, but the priors themselves, the convictions are invalid. He did not properly waive his right to a jury because he was never informed that once the trial judge dismissed the jury hearing the substantive crime, at that point the court lost jurisdiction because of his entitlement to a single jury. And also... Counsel, before you leave that point, what Supreme Court authority are you relying on as clearly established to support that argument? Well, that's a California authority. Houston... But you recognize that we are on habeas, and on habeas you have to cite to us a governing United States Supreme Court authority. Well, Your Honor, the authority pursuant to federal law is whether or not he has properly waived his right to a jury trial, whether it's knowing and voluntary. So that's clearly established by this court, by the U.S. Supreme Court, that for a waiver of a jury trial it has to be knowing voluntarily done and knowing intelligently done. But a violation of state court procedure is not... doesn't necessarily mean that there's an invalid waiver of the jury, does it? Well, I think under federal law, whether the waiver is valid under state law, whether he's got an entitlement under state law, under federal law to properly waive even a state law right, he has to know the relevant circumstances concerning the waiver, that's U.S. v. Rose, and he has to know the benefits and the burdens, which is Duarte v. I believe it's Higurade. Are those Supreme Court cases? Those are Ninth Circuit cases, Your Honor. But clearly, he's waiving a right. It's a state law right, but still, to waive that right for it to be knowing and voluntary and intelligent, you're still going to apply the federal constitutional law as to whether or not there was a waiver of that state court right. So it's our position that under federal law, which is clearly established, that there must be knowing, intelligent, and voluntary waiver of that right. And here there wasn't, because he was not advised of his right to a singular jury. He was not advised that the court lost jurisdiction over the priors once the jury was dismissed, and he was not advised that he could not be tried by a new jury. So under federal law, it was not a knowing, intelligent waiver. So for those reasons, he was not afforded the right under Apprendi to a determination of his prior convictions for even sentencing purposes. He was not given that right to a jury trial, to which he was entitled. And again, discussing Boyd v. Newland, which came up in the last case, citing U.S. v. Tried, the court notes, the Apprendi prior conviction exception encompasses only those proceedings that provide defendants procedural safeguards of a jury trial, proof of guilt beyond a reasonable doubt. He was not afforded the right to a jury trial. On the issue of using the eight convictions, prior convictions, from one proceeding as eight rather than one, the prosecution in that proceeding may not have been required to tell him the effect of the strike or strikes, or it may not have had a duty of disclosure, but the fact that they did go ahead and say, this is only going to be used as one conviction for future sentencing purposes, I believe that binds them. And at worst for my client, it's ambiguous, and because it's ambiguous, it must be construed in his favor. Counsel, was that consistent with the law as it existed at that time, that representation? Well, I believe it was consistent with the law in terms of the sentencing for five-year statute, five-year prior. However, again, I believe it's ambiguous as to what the government is telling a defendant who really doesn't have the training. They're saying basically, we're treating this as being one conviction. Under the law as it then existed, did the number of prior convictions matter if the person committed a future crime? Well, 647 talks about the prior conviction of five years being for every crime pled and proved separately. So at the time of the earlier plea colloquy that you're relying on for your Santabella claim, it made a difference whether it was one prior or more than one prior, or it could have? Yes, I believe so. I think that my client and the co-defendant in that case were basically saying, well, what's going to happen in the future with this? And they were told, well, this will only be considered as one conviction. And I think that because it's ambiguous, my client should receive the benefit of the doubt on that. Are you saying that that's predicated on Santabella if there's an ambiguous representation? I believe Santabella and then this court in interpreting Santabella in the Brown case, which is cited in my brief. Well, those cases involve express plea agreements, though. Well, Brown also talks about part of the agreement being oral, which I believe oral means what happens at the plea colloquy. What language are you relying upon to say that the plea policy language is incorporated in the plea agreement? Well, it's quoted in my brief, Your Honor, where it talks about. Which case? Brown. Would Your Honor like the citation on that? Brown v. Poole, 337 F. 3rd, 1155. Right. What language? Language is, it states, The terms of oral plea agreements are enforceable, as are those of any other contracts, even though oral plea agreements are not encouraged by reviewing courts. So when they're talking about oral plea agreements, I believe that encompasses what is stated at the plea colloquy before the court in taking the guilty pleas. I would like to reserve my last 26 seconds. Thank you. Good morning. May it please the Court, Scott Taylor, Deputy Attorney General from the California Attorney General's Office. Counsel, I'd like to ask you some questions about the Santabello issue. Do you share opposing counsel's view that at the time of the earlier plea colloquy, there was a different treatment of one prior conviction versus more than one prior conviction in the event of a later crime? Absolutely. Under 667, that was a five-year prior. And under 667, no matter how many convictions you had, you'd get a five-year enhancement. You'd get a five-year enhancement for every conviction that was separately pled and proven. So for that five-year enhancement, which still exists today, you'd get a five-year enhancement. Three strikes law wasn't in effect at the time. No, I understand that. But I just want to be sure I understand the state of California law at the time. So if there had been a separate proof of eight robberies, there could be 40 years added at the time, absent the three strikes law? If they weren't part of the same case. They have to be pled and proven. So in other words, what 667 said was, if you have separate cases where you get convictions, you'll get five years for each of those separate cases. But in this case, where he pled to nine priors, it would then use for a one five-year enhancement. Here's my concern about it. And I understand that the three strikes law wasn't there. But it did matter to the defendant whether it was counted as one or more than one. And the prosecutor said in response to some questions of the court, it would be one prior for all purposes. And then when addressing the defendant, the prosecutor says it will be one five-year prior on your record. Do you understand that? But not two. Do you understand that, Mr. Davis? Answer, yes. Knowing that, do you still wish to plead guilty? Answer, yes. So it seemed, I have the, it has the feel that it mattered to the defendant that he was only going to have one prior on his record for the purposes of the law as it then existed. And I guess the question is to what extent that should or should not carry forward when the law changes the effect of the priors. But there was some effect of the priors even then. I'm not articulating that very well. No, I think I understand what your concern is. And for a variety of reasons, it can't. First of all, this wasn't plea negotiations. If you look at the transcript, what actually happened here was the prosecutor was correctly telling both defendants, because this was a co-defendant case, here's how these priors will affect you as the law is now in the future. These can only be used as one five-year prior under 667. So this wasn't we won't use it, we promise we won't use it. This is after they've already. Proposition 8667, when they make a reference to Proposition 8, was that 667? Oh, I know. I just know 667 is the five-year prior enhancement. And the prosecutor at the time didn't say 667. But what he was doing is he was explaining to the defendants as to the state of the law at that time, here's how it would affect you in the future. But he's also making a representation to the court directly. It will be one prior for all purposes. Which is a correct representation of what the state of the law was at that time. Well, but that was also the agreement at that time. And I guess the question that we have two or three of these cases that the state keeps skipping over is if you have an agreement, you have a contract, a binding contract that exists where it's represented that this will be the sentence and this is how it will be treated. Can the state thereafter change the law and thereby change the terms of your agreement that you had before? Or does the agreement stay binding? Well, first of all, in a sense, to come to a different conclusion, you'd be overruling Park v. Raley of the U.S. Supreme Court that says that you can apply that ex post facto. In terms of once the law changes, as long as the subsequent conviction occurs after the three strikes law takes place, that those prior convictions that occurred before the three strikes law can be used to enhance the sentence. Even if a plea agreement to the contrary exists? Well, you know, I believe that that's an incorrect characterization of this interplay. If we assume that there was a plea agreement. If we assume that he made a promise that you'll never be able to, the only thing that could ever possibly happen to you is you would get one five-year enhancement on this case. If the words for all purposes equate to that promise, then would a change in the law negate that promise? I don't believe so. I mean, essentially what you have here is, you have, I mean, let's look at this realistically. What you have here is a prosecutor doing what prosecutors should do, which is telling them this is the state of the law. For you to come to a. Well, that's not. You'd have worded it, though. Right. It's one thing to turn to a defendant and say, this is the state of the law now. It might not be the state of the law in 15 years. But right now we're, you know, doing it this way and it could change. That would be an explanation of the state of the law. But to say to the court, it will be one, counted as one prior conviction for all purposes. And then to ask if knowing that the defendant is willing to plead guilty on that basis. I just, it seems to me at least that that has more of a promissory character. It's a little bit like accepting a guilty plea on one count and dismissing three others. Part of dismissing them is that they will not be prior convictions because they will be dismissed. And no change in the law revives those. And that's my concern. Is this like that, analogous to that, where the right to rely on those priors has been given up as a matter of contract by the state. And see, I think under the circumstances in which the exchange was given, that that was not part of the plea agreement any more than if the judge had looked at Mr. Davis and said, Mr. Davis, do you understand that this will act as one 5-year prior for you under 667? And he would have said yes. Under those circumstances, I don't know how you possibly could say, well, that was part of the agreement and that's why you pledged. But that's not what was said in this case. The problem is that the words that were used were much more expansive. At least they can be read to be much more expansive. Well, what was said in this case was, here's what the state of the law is. No, what was said was what I read earlier, which is, in answer to a question of the court, Your Honor, it would be one prior for all purposes. And the court says, okay. I'm not saying that the D.A. said, this is the state of the law right now. I'm saying the D.A. told Mr. Williams and Mr. Davis that this is how it applies. And certainly. The D.A. didn't know that the law would change. Absolutely. So that's exactly what he represented. But that doesn't mean it wasn't part of the contract that was agreed to. Now, wait a second. You mentioned a case, I don't think it's in your brief, that you said we'd be contravening if we were to decide it that way. Park? Park v. Raley. Is it in your brief? I believe it is in my brief. And that's merely the U.S. Supreme Court that says it's not ex post facto to use the three strikes law to apply that to priors that were committed prior to the three strikes law going into effect. It's actually not in your brief. And I'd appreciate it if you'd give the clerk afterwards the citation and to opposing counsel as well. Okay. I apologize. But so in my mind, to put the burden on the D.A. to have to say, rather than here's how it works, to say here's how it works, but if the law changes, it could work differently and all sorts of things could happen, I think it's an unreasonable burden. Or the D.A. could just say the law provides that this will be one strike. I mean, rather than saying, you know, for all times it will be treated as one strike, that's a different representation than just articulating what the law provides. Okay. I think in essence that's what he did say. He was using the law as it was at the time. And to put the burden on him to say this is the law as it presently is and somehow anticipating there could be a change in the law I think is an unreasonable burden. As I said, for all purposes it might be a little different. And I know it's easy in hindsight to look back, but that's what we have to do. Well, and at the time it was one five-year prior for all purposes. That was the state of the law at the time. And I don't think you can read that as some sort of independent promise that was part of a plea bargain when you're appearing at sentencing and the D.A. is just trying to be conscientious to suggest to them, here's how it applies, any more than if a judge had turned to them and said. But theoretically it could have been two under the state of the law as it was then as I understand it. In other words, that's where the bargain comes in it seems to me because the way the case had been laid out at the time, I think there were two separate informations if I'm remembering this correctly. And so it is possible that had the state elected a different method of going forward, it could have been counted as two priors instead of one. And so that's what makes it bargain-like or contractual. If there had been a single crime or a single incident, then it would have been purely descriptive. But the problem is there was the opportunity to get more than the five years, but the state appeared to have given that up in exchange for something, presumably the guilty plea. Well, the way the plea was taken was such that it wasn't separately pled and proven, so therefore the plea itself at that time meant that it would only be one five-year prior. That's right, but that was part of the bargain because the state could have done something different and gotten it to be more than one prior. Yes, I guess I don't see it as part of the bargain because once the plea goes down the way that it does, it is one five-year prior. So I don't know if they had discussed that ahead of time, but certainly the comments made by the prosecutor was pertaining to the way the plea was happening at that point and that it would only be one five-year prior. If this was crystal clear that it could only be one prior, why was there a question about it? Well, Mr. Williams had a question because I think, you know. Because there were two separate informations. No, I think that the DA was saying that this would be because he was pleading to nine different priors, or at least Mr. Davis was, I don't know how many Mr. Williams was. Davis was eight and Williams was 11 or something like that. There were a whole bunch. I don't remember the number. Well, it was nine and then actually the court in the subsequent case found eight of them to be true. And then Mr. Williams said, what do you mean by that? And he explained it. So I don't really think that can take it to mean that there was some sort of negotiation going on. The DA was trying to be conscientious and tell them, here's what will happen to you in the future. And the same way that a judge would, the same way that I'm sure the defense attorney did before the plea went down. I have one other question. Has any California state court addressed his claim that the Three Strikes Act violated the terms of his plea agreement in a reasoned decision? No, he didn't raise that in the court of appeal. And then when he raised it in front of the California Supreme Court, it was a silent denial. That means we do have a review of this. That's true. And I see that my time is up. You've asked a lot of questions, so if you have a couple of sentences to sum up. I do. And one thing that I never got to is I think in terms of the timeliness of the appeal, the whole jurisdictional issue, I think the issue of whether the mailbox rule should be applied to this appellant, I think that's a question of fact that has never been decided in the district court and should have been decided in the district court and should be remanded. And then lastly, as to the last issue, if you look at the statements in both the federal appeal, the federal petition, and the petition to the California Supreme Court to suggest that he has raised the issue that his waiver of jury trial on the prior convictions somehow violated his rights, I think it is just overly construes that. And in fact, the district court, the magistrate or the district court didn't interpret it that way because they concluded, no, he waived that right. And so for them to bring up now the idea that, you know, this waiver was improper because the jury was dismissed first, that's an issue that's never been raised in any court but this one. And I think it's improper for that basis. Okay. Thank you. Mr. Stern, I believe you have a bit of rebuttal time remaining. Yes, Your Honor. Regarding the waiver of jury trial. Before you do that, could you address the timeliness of the notice of appeal? Do you agree that that issue was not adjudicated? I don't believe it was adjudicated but I think there's sufficient facts in the record for this court to deem it to be timely, both because the only evidence for the court shows that it was presented to the prison officials in a timely manner and, two, he still, even absent that, he still had 60 days from notice of entry of judgment to get a notice of appeal deemed to be timely filed, which he did by, again, resubmitting the notice of appeal and the request for certificate of appealability within that 60 days. Does the mailbox rule apply when someone other than the party is the pleading to prison officials? Yes, Your Honor. And, in fact, yeah, under Houston versus. Well, the party themselves cannot serve the, well, the document. But I believe that. Well, I believe that. My question was, does the mailbox rule apply when someone other than the prisoner himself delivers the pleading to authorities? I believe it does. I don't believe it has to be the prisoner himself. What case authority are you relying upon to support your answer? It says, well, it requires of the prisoner that delivery be made to the authorities, although it doesn't say the prisoner himself or herself has to deliver it. What are you pleading from? Houston versus Lack, a Supreme Court case, at page six of my brief. It does talk about the prisoner turning it over, but I don't believe. The gist of it is whether or not it's given, whether it's physically given by the prisoner or the prisoner asking somebody to do it. The gist of it is, you know, whether whether he could serve it himself or not, service of process is deemed to be done by the person who does the process, whether it's the person himself is allowed and can do it or if he has an agent for service process to do it. I don't think that the government contested by saying that if somebody acts as an agent, that that's not permissible. And I believe that the government even conceded that if it was given to the government timely, then it was proper. So you have well exceeded your time. But as with opposing counsel, if you'd like to sum up. Yes, Your Honor. I just want to like wanted to say that there is citation in my my brief as to Supreme Court authority saying there must be a knowing, intelligent and voluntary waiver of a right to a jury trial. And in essence, the government never contends that my analysis is wrong concerning the issue of whether or not there was a proper waiver of that jury trial. Their whole issue is whether or not it was sufficiently raised. And the waiver, although it's a state right to the single unitary trial, you still overlap the federal law saying no matter what the jury trial right is, there must be under federal law, the United States Constitution, Amendment six, knowing, intelligent, voluntary waiver, whatever that jury right is. Thank you. I appreciate the arguments from both of you. The case just argued is submitted.
judges: Graber, Wardlaw, Rawlinson